**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0814-20

U.S. BANK NATIONAL
ASSOCIATION, AS
INDENTURE TRUSTEE ON
BEHALF OF AND WITH
RESPECT TO AJAX MORTGAGE
LOAN TRUST 2018-B
MORTGAGE-BACKED NOTES,

     Plaintiff-Respondent,

v.

DORIS ODOEMENE and
EMMANUEL ODOEMENE,
Wife and Husband,

     Defendants-Appellants,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR CREDIT SUISSE
FINANCIAL CORPORATION and
STATE OF NEW JERSEY,

     Defendants.

_____

Submitted November 16, 2021 – Decided December 2, 2021

Before Judges Fisher and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-000208-19.

Doris Odoemene and Emmanuel Odoemene, appellants pro se.

Pluese, Becker & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

In 2006, defendants borrowed $464,000 from Credit Suisse Financial Corporation and, to guarantee repayment, executed a promissory note as well as a mortgage in favor of Credit Suisse's nominee, Mortgage Electronic Registration Systems, Inc. (MERS) on property on Governor Street in Newark. Defendants did not reside there; they rented the property to others.

In 2008, MERS assigned the mortgage to IndyMac Bank, which in 2010 assigned it to OneWest Bank, FSB, which assigned it in 2013 to Ocwen Loan Servicing, LLC, which assigned it in 2015 to Federal National Mortgage Association, which assigned it in 2016 to MTGLQ Investors, L.P., which assigned it in 2018 to plaintiff U.S. Bank National Association.

A-0814-20

2

Long before all these assignments, defendants defaulted by failing to make a payment due on March 1, 2008. IndyMac filed a foreclosure action that year but dismissed it without prejudice in 2012.

After receiving its assignment, plaintiff served defendants with a notice of intention to foreclose in October 2018 and commenced this action in January 2019. Defendants promptly filed an answer and, in July 2019, plaintiff moved for summary judgment. Defendants opposed the motion and cross-moved for dismissal, alleging plaintiff's lack of standing, failure to comply with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, and failure to sue within the time permitted by the applicable statute of limitations. The chancery judge granted plaintiff's motion and denied defendants' cross-motion.

In the proceedings that followed, the court appointed a receiver for rents paid by tenants on the property, fixed the property's fair market value, entered an order fixing the time, place, and amount for redemption, and ultimately, on October 6, 2020, entered a final judgment, which plaintiff assigned two weeks later to Ajax 2018-B REO Corp.

Defendants appeal, arguing the chancery judge erred or abused his discretion: (1) "in not dismissing the complaint when plaintiff did not show it had physical possession of the note at the time of filing the complaint"; (2) by failing to make "a determination regarding a pre-filing requirement when there

is a non[-]compliant and deficient [n]otice of [i]ntent"; (3) "by avoiding to make a determination regarding a robo[-]signed and invalid [a]ssignment of [m]ortgage used to satisfy a pre-filing requirement of the chain of title in the [c]omplaint"; and (4) "in deciding the [p]laintiff's claim in pursuing this foreclosure action is not barred by the statute of limitations." We find insufficient merit in these arguments to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), adding only the following few comments.

When granting plaintiff's summary judgment motion, Chancery Judge Walter Koprowski, Jr., thoroughly discussed all the issues defendants now raise on appeal. Plaintiff demonstrated in support of its motion that it received a valid assignment, which was duly recorded, and that it was in possession of the note. The judge also correctly determined that plaintiff's notice of intention to foreclose fully complied with the Fair Foreclosure Act, and that the action was not time-barred because the statute of limitations in effect when defendants executed the mortgage permitted suit within twenty years from the date of the debtor's uncured default. N.J.S.A. 2A:50-56.1(c).

We affirm substantially for the reasons set forth by Chancery Judge Koprowski's comprehensive and well-reasoned opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0814-20

4